IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) APPALACHIAN POWER COMPANY, ) ) Defendant. ) ) | Civil Action No. **COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) to provide appropriate relief to Lea Kade. As alleged with greater particularity in paragraphs 13(a) through (n) below, the Commission alleges that Defendant Appalachian Power Company subjected Ms. Kade to an unlawful sexually hostile work environment perpetuated by Defendant's Administrative Supervisor, James Brinkman. The Commission further alleges that the sexually hostile work environment created by Defendant culminated in Ms. Kade's discharge because of sex (female) and her protected opposition to Brinkman's unlawful sexually harassing conduct.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Virginia.

## PARTIES

3.  Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times Defendant Appalachian Power Company ("Defendant"), a Virginia corporation, has continuously been doing business in the Commonwealth of Virginia, Russell County, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.  In each of calendar years 2016 and 2017, Defendant continuously employed in excess of 500 employees.

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Charging Party Lea Kade filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

8.  On June 8, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the

discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On July 19, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. Since at least Spring of 2017, Defendant has engaged in unlawful employment practices in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) & 2000e-3(a). These unlawful practices include, but are not limited to, the following:

   (a) At all relevant times, Kade was employed by Defendant as a contract administrative assistant at Defendant's Clinch River Plant located in Russell County, Virginia.

   (b) At all relevant times, though Kade was placed through a temporary employment service, Defendant controlled all aspects of Kade's work, including her hours, rate of pay, job duties and manner and method of completing those duties, and otherwise served as her "employer" within the meaning of Title VII.

   (c) At all relevant times, Kade was directly supervised by Defendant's agent James Brinkman, an Appalachian Power Company Administrative Supervisor, who possessed authority to hire, fire (including ending contract worker assignments), set hours of work, and direct the work of all persons who reported to him,

including Kade.

(d) Brinkman served as Defendant's agent for purposes of day-to-day supervision of Kade's work at the Clinch River Plant, determining her schedule and other conditions of employment, and making the decision to end her work assignment at that facility.

(e) Defendant engaged in sex discrimination against Kade by subjecting her to a continuing course of unwelcome and offensive harassment because of her sex (female). Such harassment was of sufficient severity and/or pervasiveness to create a hostile work environment because of her sex (female).

(f) From at least Spring of 2017 until on or about October 17, 2017, Defendant, acting through James Brinkman, routinely made unwelcome and offensive sex-motivated comments to Kade, including but not limited to persistently telling her that he caught himself "staring at [Kade's] ass all the time," that he loved her, that she was beautiful and had a great personality, that he "had a crush on [her]," that he wanted to travel to her hometown and "treat her like a queen," and that he wanted to leave his wife for her. Brinkman also reacted jealously when Kade talked with other male employees.

(g) Kade repeatedly told Brinkman that she was only there to work, and made it clear that she was not interested in a sexual or romantic relationship with him.

(h) During her employment Brinkman also threatened Kade to refrain from reporting his sexual advances to anyone by stating, "You can get me in a lot of trouble, but I know you would not do that because I'll pull rank and terminate you."

(i) On or about October 17, 2017, Brinkman followed Kade down an office hallway,

4

orally expressing approval of her sexual attractiveness. Kade responded to Brinkman's sexual advance by opposing it, expressing her rejection of the conduct and her unwillingness to tolerate it.

(j) In response to Kade's expression of opposition to his sexual advance, Brinkman immediately stated, "Well, then, you're fired."

(k) On or about October 17, 2017, Brinkman, in exercise of authority conferred by Defendant, ended Kade's work assignment with Defendant.

(l) Defendant, acting through Brinkman, discharged Kade because of her sex (female) and in retaliation for her opposition to Brinkman's sexually harassing conduct.

(m) At no time did Defendant provide Kade with a copy of its sexual harassment policy or any sexual harassment complaint procedures.

(n) At no time did Defendant take corrective action against Brinkman because of his sexual harassment of Kade.

14. The effect of the practices complained of in paragraphs 13(a) through (n) above has been to deprive Kade of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and her conduct in opposition to conduct reasonably believed to be an unlawful employment practice under Title VII.

15. The unlawful employment practices complained of in paragraphs 13(a) through (n) above were intentional.

16. The unlawful employment practices complained of in paragraphs 13(a) through (n) above were done with malice or with reckless indifference to Kade's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexually harassing conduct or from tolerating and condoning the same, and other employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out training, policies, practices, and programs which provide equal employment opportunities for women, including temporary and contract workers, and which ensure that its operations are free from the existence of a sexually hostile work environment.

C. Order Defendant to make Kade whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay.

D. Order Defendant to make Kade whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13(a) through (n) above, which were reasonably incurred as a result of Defendant's conduct, in amounts to be determined at trial.

E. Order Defendant to make Kade whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 13(a) through (n) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Kade punitive damages for its malicious and reckless

conduct described in paragraphs 13(a) through (n) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAMES L. LEE
ACTING GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 209-2734
(410) 962-4270 (facsimile)
debra.lawrence@eeoc.gov

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
EEOC – Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 209-2737

(410) 962-4270 (facsimile)
ronald.phillips@eeoc.gov

/s/ Deborah A. Kane

DEBORAH A. KANE
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 92531
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
(412) 395-5866
(412) 395-5749 (facsimile)
deborah.kane@eeoc.gov